UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CRAIG MOBAYED,

                Petitioner,

- against -

ANTHONY BOUCAUD,
Superintendent for Altona Correctional Facility,

                Respondent.
-----------------------------------------------------------X
MAUSKOPF, United States District Judge.

MEMORANDUM & ORDER
09-CV-229 (RRM)

By petition dated January 8, 2009, *pro se* petitioner Craig Mobayed, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, determined that the court lacks jurisdiction over this petition.

## BACKGROUND

Petitioner challenges a conviction by plea of guilty for robbery in the first degree entered in Richmond County on July 6, 1987. He was sentenced to 6 to 12 years imprisonment. (*See* Pet. (Docket No. 1) at 1.) Petitioner did not file an appeal. (*Id.* at 1.) It does not appear that petitioner has filed any prior motion for *habeas corpus* relief in federal court. On November 23, 1992, petitioner was paroled from confinement on this conviction, and his maximum expiration date for parole supervision on this conviction was November 20, 1998. N.Y. Dep't of Corr. Servs., Inmate Info., http://nysdocslookup.docs.state.ny.us. In 1994, petitioner was convicted on separate indictments in New York and Richmond Counties and sentenced to 14 years to life

imprisonment, on which he is currently incarcerated. *See id.* (*See also* Pet.'s Mem. (Docket No. 1) at 1.)

In the instant petition, petitioner seeks to vacate his 1987 conviction because of the alleged ineffective assistance of counsel and trial court error in accepting an allegedly defective plea allocution. He asserts that this unconstitutional conviction has continuing consequences, because it was used to sentence him as a persistent felony offender in connection with his 1994 convictions on which he is presently incarcerated. (*Id.* at 3.)

## DISCUSSION

Title 28 of the United States Code, Section 2254, authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a). *Maleng*, 490 U.S. at 492.

Here, petitioner challenges a 1987 Richmond County conviction, for which he was sentenced to an indeterminate term of 6 to 12 years. (Pet.'s Mem. (Docket No. 1) at 1.) He was released on parole in 1992. The sentence had fully expired in 1998, well prior to the filing of

this petition on January 8, 2009. Accordingly, at the time petitioner filed this petition, he was not in custody pursuant to the challenged judgment. *See Lackawanna*, 532 U.S. at 401–02.

However, the "in custody" requirement for federal *habeas* jurisdiction may be satisfied if Petitioner's *pro se* petition, liberally construed, asserts "a challenge to [the current] sentences, as enhanced by the allegedly invalid prior conviction." *Lackawanna County*, 532 U.S. at 401–02 (quoting *Maleng*, 490 U.S. at 493); *see also Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (remanding a habeas petition dismissed by the district court for lack of jurisdiction under facts similar to the instant petition in order to allow petitioner to amend his petition to challenge explicitly the allegedly illegal enhancement of the sentence for which he remained in custody). As Petitioner is currently in custody on his 1994 convictions, he therefore may be able to satisfy the "in custody" requirement.

Nonetheless, the instant petition must fail. The Supreme Court of the United States has held that:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County*, 532 U.S. at 403–04 (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)). Here, Petitioner seeks to vacate subsequent, enhanced sentences (the 1994 sentences) based solely on the use of a prior, allegedly unconstitutional conviction (the 1987 conviction). Yet, petitioner never took any direct appeal of his 1987 conviction (Pet.'s Mem. (Docket No. 1) at 5), and the time to so do has long expired. It was not until 2000 – some 13 years later, and,

3

indeed, six years after his 1994 sentences were imposed – that petitioner sought to obtain a copy of his plea allocution and file a motion pursuant to §440.10 of the New York Criminal Procedure Law to vacate his 1987 conviction, claiming ineffective assistance of trial counsel and trial court error. (Pet.'s Mem. (Docket No. 1) at 3.) That motion was denied, the court rejecting petitioner's claims on the merits and also holding that petitioner never raised these issues in any form of direct appeal. (Pet.'s Mem. (Docket No. 1), Ex. D.) No other appeals were taken. Thus, petitioner's 1987 conviction must be considered conclusively valid and its constitutionality may not be reviewed in connection with a challenge to his 1994 sentence. *Lackawanna County*, 532 U.S. at 403.

While the *Lackawanna* Court opined that there might be limited circumstances where challenges to a conviction for which the prisoner is no longer currently in custody could be maintained because of their enhancing effect on the sentence of a later conviction, petitioner here has provided no allegations suggesting that this is such a case. *Id.* at 405–06 (noting specifically situations where prisoner is prevented from challenging earlier conviction due to State action or obtains evidence of actual innocence after the time for review has expired). Furthermore, it is unclear whether grounds exist for petitioner to make any other challenge to his current convictions as petitioner clearly asserts that he is seeking in this petition to challenge only his 1987 conviction. (Pet.'s Mem. (Docket No. 1 at 2.)

## CONCLUSION

Accordingly, the instant petition for a writ of habeas corpus is therefore DENIED. A certificate of appealability shall not issue because petitioner has not made a substantial showing

4

of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is DENIED for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 3, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge